UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOTBALANCE SYSTEM INC. and FOOTBALANCE SYSTEM OY,<br><br>Plaintiffs,<br><br>v.<br><br>ZERO GRAVITY INSIDE, INC., et al.,<br><br>Defendants. | Case No.: 15-CV-1058 JLS (DHB)<br><br>**ORDER ON MOTION TO STRIKE**<br><br>(ECF No. 59) |

Presently before the Court is Plaintiffs' Motion to Strike Defendants' Affirmative Defenses. ("MTS," ECF No. 59.) Also before the Court are Defendants' Response in Opposition to Plaintiffs' MTS, ("Opp'n," ECF No. 65), and Plaintiffs' Reply in Support of their MTS, ("Reply," ECF No. 66). The Court vacated the hearing on the matter and took the motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 67.) After considering the parties' arguments and the law, the Court rules as follows.

**LEGAL STANDARD**

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that

must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Accordingly, "[a] defense may be struck if it fails to provide 'fair notice' of the basis of the defense." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

Finally, this Court recently held that the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses. *Rahman v. San Diego Account Service*, No. 16CV2061-JLS (KSC), 2017 WL 1387206 (S.D. Cal. Apr. 18, 2017). While the Court acknowledged that district courts are split on the issue, it ultimately determined that *Wyshak*'s "fair notice" standard, which relied on the sole case of *Conley v. Gibson*, 355 U.S. 41 (1957), had necessarily been abrogated by the Supreme Court's decisions in *Twombly* and *Iqbal*. *Id.* at *2. "Accordingly, 'fair notice' necessarily now encompasses the 'plausibility' standard; whatever standard 'fair notice' previously encompassed no longer exists." *Id.* Thus, the Court here reviews Defendants' affirmative defenses for plausibility.

## ANALYSIS

Plaintiff seeks to strike Defendants' Second Affirmative Defense of Invalidity, Fourth Affirmative Defense of Equitable Doctrines, Seventh Affirmative Defense of Inadequate Pre-Suit Investigation, Eighth Affirmative Defense of Inequitable Conduct, and

Ninth Affirmative Defense of Fraud on the United States Patent and Trademark Office ("USPTO"). (*See generally* MTS.) The Court considers each in turn.

## I. Second Affirmative Defense of Invalidity

Defendants' second affirmative defense of invalidity alleges: "One or more claims of the '433 patent and '589 patent are invalid for the failure to satisfy the preconditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116." (MTS 7–8[1] (citing Def. Zero Gravity Inside, Inc.'s ("ZGI") Ans. 9, ECF No. 54).) Plaintiffs argue that this assertion fails to place Plaintiffs on notice of the particular factual or legal basis for this alleged defense. (*Id.* at 8.)

The Court agrees. As discussed above, in the absence of binding authority to the contrary, the Court applies the *Twombly*/*Iqbal* standard to Defendants' pleading of their affirmative defenses. The Court previously explained that

> [s]ince *Twombly* and *Iqbal*, district courts in the Ninth Circuit have come to differing conclusions regarding whether those cases necessitate a different interpretation of *Wyshak*'s "fair notice" standard. *See, e.g.*, *J & J Sports Prods., Inc. v. Scace*, No. 10CV2496-WQH-CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) (discussing split). Ultimately, this Court agrees with the numerous district courts that have concluded the *Twombly* and *Iqbal* "plausibility" standard applies with equal force to the pleading of affirmative defenses. Although there is a valid question as to whether the logic of *Twombly* and *Iqbal*—rendered in the context of Rule 8(a)—applies with equal force to Rule 8(c) governing affirmative defenses, this Court concludes that *Wyshak* compels application of the plausibility standard to pleading affirmative defenses. Specifically, the only case *Wyshak* cited to support its "fair notice" standard is *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957), *Wyshak*, 607 F.2d at 827, and *Conley* has since been abrogated insofar as it permitted pleading at a standard lower than *Twombly*'s plausibility standard, *see Twombly*, 550 U.S. at 555, 560–61 (citing *Conley* for "fair notice" rule statement immediately prior to articulating "plausibility" standard and expressly abrogating *Conley*'s "no set of facts" language). Accordingly, "fair notice" necessarily now encompasses the "plausibility" standard; whatever

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

standard "fair notice" previously encompassed no longer exists. *E.g.*, *Madison v. Goldsmith & Hull*, No. 5:13-CV-01655 EJD, 2013 WL 5769979, at *1 (N.D. Cal. Oct. 24, 2013); *Gonzalez v. Heritage Pac. Fin., LLC*, No. 2:12-CV-01816-ODW, 2012 WL 3263749, at *2 (C.D. Cal. Aug. 8, 2012); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *6–8 (N.D. Cal. Mar. 26, 2012).

*Rahman*, 2017 WL 1387206, at *2; *see also Malibu Media, LLC v. Peterson*, No. 16-CV-786 JLS (NLS), 2017 WL 1550091, at *3 (S.D. Cal. May 1, 2017) (applying the *Twombly*/*Iqbal* standard to pleading affirmative defenses). Although Defendants urge the Court to reverse course, (Opp'n 10–11), the Court will not do so based simply on non-binding caselaw that predates this Court's *Rahman* decision. (*See id.* (citing *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013).)

To be sure, Defendants attempt to distinguish *Rahman* in their efforts to avoid applicability of the *Twombly*/*Iqbal* pleading standards to their affirmative defenses. They first argue that "the clear distinguishing point" is that *Rahman* did not involve patent infringement claims. (Opp'n 11.) But there is nothing inherently clear about that. Nor do Defendants explain why that difference matters, much less why it *clearly* matters. To the contrary, this Court—and others—have recently held that *Twombly*/*Iqbal* applies, for example, to complaints for patent infringement. *See, e.g.*, *Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) (explaining that *Twombly*/*Iqbal* apply to pleading patent infringement claims); *Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS (DHB), 2016 WL 5786936, at *3 (S.D. Cal. Oct. 4, 2016) (same and further noting that the Court "is not convinced that holding [plaintiff's] complaint for patent infringement to the same standard as nearly every other civil action filed in federal court would be unjust or impracticable").

Defendants' argument that the Patent Local Rules obviate the need for plausible pleadings is a bit stronger, but still fails to carry the day. Specifically, Defendants argue that Patent Local Rule 3.3 addresses the timing for the disclosure of factual support for an

affirmative defense. (Opp'n 11–12.) That is partially true, but Defendants' characterization is misleading. Specifically, Defendants are right that Patent Local Rule 3.3, titled "Invalidity Contentions," requires each party opposing a claim of patent infringement to serve its invalidity contentions, which, among other things, contain the party's factual support and legal arguments that a patent is invalid.

But Defendants are wrong that Patent Local Rule 3.3 "addresse[s] the timing for the disclosure of factual support <u>for an affirmative defense</u>." (Opp'n 11–12 (emphasis added); *see also id.* at 12 n.2 ("This Court's Local Patent Rule 3.3 sets forth the time in which Defendants must detail facts to support an affirmative defense. Through the motion to strike, Plaintiffs attempt to impose a different schedule on Defendants to set forth their invalidity theories, which is plainly inconsistent with this Court's Rules.").) As an initial matter, Patent Local Rule 3.3 does not reference a party's pleading obligations, much less specifically address the time to disclose factual support for the same. So Defendants' argument is wrong on its face.

Furthermore, even if it did, these Patent Local Rules cannot supplant the Supreme Court's directives in *Twombly/Iqbal*, which clarified the pleading standards under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 83(a)(1) (noting that a local rule must be consistent with federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075). In other words, Defendants are bound by the pleading standards announced in *Twombly* and *Iqbal*, regardless of what a local rule says.

Finally, the requirements of pleading under *Twombly* and *Iqbal* and the information contained in invalidity contentions under Patent Local Rule 3.3 are separate and not inconsistent. The Court does not here suggest that Defendants' affirmative defenses must contain the same depth of analysis and factual support required by this District's local rules. All that *Twombly* and *Iqbal* require is plausibility. As the Court previously explained when discussing a similar argument made as to the Patent Local Rules governing infringement contentions:

> [T]he Court's holding does not require a patentee to plead with the specificity required in its infringement contentions, which Plaintiff seems to suggest. (Opp'n 5, ECF No. 23.) As Plaintiff explains, its infringement contentions "will provide information concerning how each limitation of the asserted claims [*is*] met by the accused products." (*Id.* (emphasis added).) Here, however, Plaintiff must simply provide sufficient factual allegations concerning how each limitation of the asserted claims is *plausibly* met by the accused products. *See e.Digital*, 2016 WL 4427209, at *4 ("To require a patentee to plausibly allege that the accused product practices each of the limitations in at least one asserted claim should not impose an undue burden on most plaintiffs, because a patentee is already required to perform an adequate pre-filing investigation before bringing suit.") (citation omitted); *see also TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106 PSG (SSX), 2016 WL 4703873, at *4 (C.D. Cal. Aug. 3, 2016) ("[I]t is irrelevant at this stage whether Plaintiff's allegations are accurate, as the Court accepts all of Plaintiff's allegations as true . . . . The Court only requires that Plaintiff plausibly alleges that a product or products of Defendant infringes on at least one claim of the [asserted] patent.").

*Scripps*, 2016 WL 6834024, at *6.

Finally, Defendants argue that "[a]lthough not required to do so, [they] have nonetheless addressed in their proposed amended answers Plaintiffs' arguments regarding the invalidity defense" and have ostensibly provided more factual allegations that might nudge their affirmative defenses from conclusory to plausible. (Opp'n 14.) But the Court does not here assess the plausibility of Defendants' proposed amended answers, which are not the target of Plaintiffs' Motion to Strike. Defendants will, of course, have an opportunity to amend their answers to include whatever information they believe will support their affirmative defenses. And the Court may have occasion to assess their plausibility should Plaintiffs file another motion to strike. But that would be a question for another day. Today the Court simply concludes that Defendants' affirmative defense of invalidity is conclusory and thus implausible. Accordingly, the Court **GRANTS** this portion of Plaintiffs' Motion to Strike.

///

## II. Fourth Affirmative Defense of Equitable Doctrines

Defendants' fourth affirmative defense of equitable doctrines alleges "Plaintiffs are barred from asserting the patents-in-suit against Zero Gravity, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver." (MTS 8 (citing Def. ZGI's Ans. 9).) Plaintiffs argue the Court should strike this affirmative defense because it fails to plead any facts to support their alleged equitable defenses. (*Id.*)

The Court agrees—without any factual allegations the Court is unable to determine whether these defenses are plausible. Defendants again argue that they are not subject to a heightened pleading standard, (Opp'n 14), which the Court again rejects for the reasons already stated. Defendants also appear to argue that their amended answers will provide the necessary factual allegations to support these defenses. (*Id.* at 15.) As discussed, the Court does not here assess the adequacy of Defendants' proposed amended answers, focusing instead on what has been filed and what is before the Court. Defendants are now on notice that their defenses, including these, must include factual allegations sufficient to make them plausible. Accordingly, the Court **GRANTS** this portion of Plaintiffs' Motion to Strike.

## III. Seventh Affirmative Defense of Inadequate Pre-Suit Investigation

Defendants' seventh affirmative defense of inadequate pre-suit investigation alleges that "Plaintiffs failed to conduct a proper or adequate investigation prior to filing this suit, for had they done so, they would have recognized that the thermoplastic component of Zero Gravity's product does not extend to the metatarsal phalangeal joint of the foot, which is a claimed element in all claims of Plaintiffs' patents, as described in the specification of the asserted patents and as admitted by Plaintiffs before the PTAB." (*See, e.g.*, Def. ZGI Ans. 10.) Plaintiffs argue the Court should strike Defendants' defense of an inadequate pre-suit investigation because the defense "simply states a legal conclusion and fails to inform Plaintiffs as to the theory underpinning their alleged defense." (MTS 9.) While Defendants do not agree with Plaintiffs' argument, they note that they have removed this defense from their proposed amended answers, thus rendering moot this issue. (Opp'n 15–16.) Because

the Court will grant Defendants an opportunity to amend their answers, which will presumably exclude this affirmative defense, the Court **DENIES AS MOOT** this portion of Plaintiffs' Motion to Strike.

IV. **Eighth Affirmative Defense of Inequitable Conduct**

Defendants' eighth affirmative defense of inequitable conduct alleges that:

> Plaintiffs are not entitled to any legal or equitable relief due to their inequitable conduct before the United States Patent and Trademark Office regarding the origin and development of Plaintiffs' patents. The asserted patents, U.S. Patent No. 7,793,433 ("the '433 patent") and U.S. Patent No. 8,171,589 ("the '589 patent"), are unenforceable due to the inequitable conduct of Erkki Hakkala, the sole named inventor of the asserted patents and the founder and CEO of Plaintiffs. Mr. Hakkala filed for exceedingly broad claims covering subject matter that was unquestionably found in prior art that Mr. Hakkala was aware of at the time the patent applications were filed. Mr. Hakkala deliberately withheld the existence of this prior art from the United States Patent & Trademark Office ("USPTO") in order to obtain allowance of these broad and plainly invalid claims. Mr. Hakkala also violated his duty of candor by failing to disclose material information to the examiner through the Information Disclosure Statement.

(Def. ZGI Ans. 10.)

Plaintiffs argue that this affirmative defense fails to meet the heightened pleading standard required for pleading inequitable conduct. (MTS 4–7.)

"Inequitable conduct resides in failure to disclose material information, or submission of false material information, with an intent to deceive, and those two elements, materiality and intent, must be proven by clear and convincing evidence." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988). Intent and materiality are separate requirements. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289–90 (Fed. Cir. 2011). But-for materiality is required to establish inequitable conduct. *Id.* at 1291–92.

/ / /

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Federal Circuit has held that inequitable conduct must be pled with specificity in accordance with Rule 9(b). *See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity.").[2] "[T]o plead the circumstances of inequitable conduct with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328. A pleading of inequitable conduct must include sufficient facts from which a court can "reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011). "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Exergen*, 575 F.3d at 1329 n.5.

Plaintiffs argue that Defendants fail to plead with particularity the who, what, when, where, and how of the material misrepresentation committed before the USPTO. (MTS 5–7.) Defendants do not argue that their affirmative defenses, as they currently stand, are sufficiently pled under this exacting pleading standard. (Opp'n 9.) Rather, Defendants argue that "as detailed [in their opposition brief], as well as in the proposed amended

---

[2] Although procedural matters such as motions to dismiss are typically governed by regional circuit law rather than Federal Circuit law, the Federal Circuit has expressly held that its law controls over the question of whether inequitable conduct has been pled with particularity under Rule 9(b). *Central Admixture Pharmacy Servs., Inc. v. Adv. Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("Whether inequitable conduct has been adequately pled is a procedural matter, but since it bears on an issue that pertains to or is unique to patent law, we will apply our own law to the question of whether the pleadings were adequate." (internal quotation marks omitted)); *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed Cir. 2009) ("[W]e apply our own law, not the law of the regional circuit, to the question of whether inequitable conduct has been pleaded with particularity under Rule 9(b).").

answers, the available information regarding . . . inequitable conduct and fraud on the USPTO is plentiful and more than enough to set forth the defenses." (*Id.*) Of course, the Court cannot consider this information in assessing Plaintiff's Motion to Strike Defendants' filed Answers. But Defendants will have an opportunity to amend their answers to provide this—and other—detail they believe will support a plausible affirmative defense of inequitable conduct. Accordingly, the Court **GRANTS** this portion of Plaintiffs' Motion to Strike.[3]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Strike (ECF No. 59). However, the Court **GRANTS** Defendants **LEAVE TO AMEND** their answers to address the pleading deficiencies in their affirmative defenses. Accordingly, Defendants **SHALL FILE** their amended answers <u>on or before fourteen days from the date on which this Order is electronically docketed</u>.

**IT IS SO ORDERED.**

Dated: September 5, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] The Court also **GRANTS** Plaintiffs' Motion to Strike Defendants' ninth affirmative defense of fraud on the USPTO. Specifically, Plaintiffs' arguments against this affirmative defense mirror their arguments as to Defendants' defense of inequitable conduct. (MTS 4–7.) And Defendants' response in opposition does the same. (Opp'n 9–10.) As discussed, Defendants will have an opportunity to amend their answers to include more detail as to their affirmative defense of fraud on the USPTO.