
FILED

FEB 0 2 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOTBALANCE SYSTEM INC., et al.,<br>Plaintiffs,<br><br>v.<br><br>ZERO GRAVITY INSIDE, INC., et al.,<br>Defendants. | Case No.: 15-cv-1058-JLS (DHB)<br><br>**ORDER REGARDING JOINT MOTION TO COMPEL COMPLIANCE WITH DISCOVERY REQUESTS**<br><br>**[ECF No. 93]** |

On January 17, 2018, Plaintiffs FootBalance System Inc. and FootBalance System Oy ("Plaintiffs") filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 93.) Having reviewed the parties' submissions and supporting exhibits, the Court **DENIES** Plaintiffs' request to compel Defendants Zero Gravity Inside, Inc., Patrik Louko and Eero Kaakkola ("Defendants") to produce further responses to Plaintiffs' Interrogatory No. 2. Also, the Court **DENIES** Plaintiffs' request to extend its deadline to file Amended Infringement Contentions.

## I. BACKGROUND

On April 17, 2017, Plaintiffs filed a Fourth Amended Complaint ("FAC") in this action. In its FAC, Plaintiffs allege that Defendants infringed on two of its' patents, both entitled "Individually Formed Footwear and a Related Method" ("the '433 patent") and

("the '589 patent"). (ECF No. 51.) On November 20, 2017, Plaintiffs served interrogatories on Defendants, including Interrogatory No. 2 at issue here. (ECF No. 93-2.) On December 20, 2017, Defendants initially responded to Interrogatory No. 2 by claiming various objections and stating that it lacked sufficient information to provide a complete and full response. (ECF No. 93-3 at pp. 4-5.)

On December 23, 2017, following the parties' meet and confer effort, Defendants served a Supplemental Response to Interrogatory No. 2. (ECF No. 93-4.) Counsel for the parties further discussed the adequacy of the supplemental response via email from December 24-26, 2017, but reached an impasse. (ECF No. 93-5.) Accordingly, Plaintiffs filed the instant Motion. (ECF No. 93.)

## II. DISCUSSION

Federal Rule of Civil Procedure 33 states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed.R.Civ.P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully. Fed.R.Civ.P. 33(b)(3).

The purpose of contention interrogatories "is not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943, at *7 (N.D. Cal Sept. 17, 1999). Courts are reluctant to allow contention interrogatories when the responding party has not yet obtained enough information through discovery to respond, but courts recognize that contention interrogatories served after substantial discovery is complete may be appropriate. *See, e.g., Tennison v. City & Cty. of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal 2005) (granting motion to compel responses to contention interrogatories where "discovery is nearly complete, and hence a party is in a position to provide meaningful answers"); *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943 (N.D. Cal. Sept. 17, 1999) ("courts

2

have also recognized that properly timed contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded") (quotation omitted). Further, a contention interrogatory during the early stages of litigation is appropriate where the responses to the interrogatory would contribute meaningfully to "(1) clarifying the issues of the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) providing a substantial basis for a motion under Rule 11 or Rule 56." *HTC Corp. v. Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011) (citing *In re Convergent Technologies Sec. Lit.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)).

While contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses." *Mancini v. Ins. Corp. of N.Y.*, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (internal quotation marks omitted); *Bovarie v. Schwarzernegger*, 2011 WL 719206, at *1 (S.D. Cal. Feb. 22, 2011). Accordingly, courts often convert overly broad and unduly burdensome contention interrogatories seeking "all facts" into requests for "the material or principal facts." *Id.*

### A. <u>Interrogatory No. 2</u>

Plaintiffs' Interrogatory No. 2 relates to Defendants' non-infringement contentions and specifically ask Defendants:

> For each Claim-in-Suit, describe in detail all factual and legal bases for any contention that the Accused Product and activities by ZGI does not infringe the claim, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271 (a, b and/or c), including but not limited to an identification of the specific claim limitation(s) that are allegedly not met and a detailed explanation as to why such limitation(s) are not met, and identification of persons most knowledgeable on the matter. (ECF No. 93-2 at p. 7.)

In reliance on *Facedouble, Inc. v. Face.com, Inc.*, 2014 WL 585868, at *2-3 (S.D. Cal Feb 13, 2014), Plaintiffs contend Defendants possess sufficient information at this point in discovery to formulate interrogatory responses based on Defendants' non-

3

15-cv-1058-JLS (DHB)

infringement contentions. (ECF No. 93 at pp. 4-5.) Defendants assert Interrogatory No. 2 is premature at this stage because contention interrogatories are designed "not to obtain facts, but rather to narrow the issues that will be addressed at trial...." (ECF No. 93 at p. 11) (citing *Largan Precision Co. v. Samsung Elecs. Co.*, 2015 WL 11251730, at *2 (S.D. Cal. May 5, 2015)). Defendants also assert that Interrogatory No. 2, as drafted, is improper and overbroad. (*Id.* at pp. 11-12.)

In *Facedouble*, the Defendant asserted Plaintiff's contention interrogatory was premature and that it should not be required to state its non-infringement contentions although the parties had already filed their respective views on claim construction. *Facedouble*, 2014 WL 585868, at *3. However, the Court found that the Defendant had sufficient information to formulate its non-infringement contentions because Plaintiffs served Defendants with infringement contentions along with supporting documents and the parties had already filed respective claim construction views. *Id.* Thus, the Court ordered the Defendant to respond to the contention interrogatory at that point in the litigation. *Id.*

Similarly, Defendants herein possess sufficient information to formulate responses to Plaintiffs' Interrogatory No. 2 based on its non-infringement contentions. According to the Court's Scheduling Order, invalidity contentions, preliminary claim constructions, and responsive claim constructions have already been exchanged. (*See* ECF No. 73 at pp. 1-2.) Notably, like *Facedouble*, the parties here exchanged claim construction positions and filed the Joint Claim Construction Chart and Worksheet on December 22, 2017. (*See* ECF No. 92.) For that reason, the Court finds that Plaintiffs' Interrogatory No. 2 is not premature and that Defendants possess sufficient information to formulate responses to Plaintiffs' interrogatory. However, the Court agrees that Interrogatory No. 2, as presently constructed, is overbroad in that it requests "all factual" bases. Accordingly, the Court hereby exercises its discretion to modify the interrogatory to request only "the material or principal facts."

Plaintiffs also argue that Defendants' supplemental responses are insufficient because, although they identify certain claim limitations Defendants assert are not met, the

responses fail to explain these claim limitations. (*Id.* at pp. 5-6.) Plaintiff contends *Facedouble* requires the Defendants to provide more sufficient responses to the non-infringement interrogatory. (*Id.* at pp. 6-7.) The Court finds this contention unreasonably stretches the limits of *Facedouble*, as that holding is limited to the issue of whether a propounding party's contention interrogatory was premature for the purpose of compelling a response. Here, the Court faces a distinct issue of whether Defendants sufficiently responded to Plaintiffs' interrogatory by providing a supplemental interrogatory response in which Defendants list claim limitations which it plans to contest. Therefore, the Court finds that *Facedouble* does not necessitate that Defendants further respond to Plaintiffs' interrogatory.

Notwithstanding, in reliance on the *In re Convergent* factors, Plaintiffs assert a more sufficient supplemental response to its contention interrogatory is needed to contribute meaningfully to narrowing the scope of the dispute. (ECF No. 93 at p. 7.) Namely, Plaintiffs assert that it is critical to gather any alleged deficiencies or bases for non-infringement by Defendants in order to address them in discovery or through motions practice. (*Id.*) Plaintiffs claim to have no understanding of Defendants' defense to infringement. (*Id.*) Defendants however argue that Plaintiffs' request should be denied because it is not withholding material facts or non-infringement contentions known to it at this time. (*Id.* at p. 14.) Defendants point out that Plaintiffs acknowledge they are in possession of the material facts, including Defendants use of PCTG as the thermoplastic material in the Accused Products and that Defendants' "thermoplastic layer in the Accused Products does not reach any metatarsophalangeal [(MTP)] joint and cannot be customized to reach all five MTP joints of a specific foot due to the size and placement of the thermoplastic material." (*Id.* at pp. 12-13.) Defendants allege that its Supplemental Response put Plaintiffs on notice of which claim limitations were contested, and that

5

Plaintiffs would need to provide clear and convincing evidence to prove infringement.[1] (*Id.* at p. 12.)

This Court finds that Defendants have sufficiently responded to Interrogatory No. 2. Defendants' responses narrowed the scope of the dispute under the '433 patent to the difference (1) in thermoplastic material, (2) in temperature at which at least one layer becomes plastic, (3) in thermoplastic's layers' ability to reach the MTP joint as it pertains to fitting and customizing, and (4) in the lower layer's configuration to reach from under the heel to the MTP joint and extension to a toe of the foot. (ECF No. 93-4 at pp. 3-4.) Despite its allegations that Plaintiffs' '589 infringement contentions are wholly conclusory, Defendants narrowed the scope of the dispute by highlighting various contentions by Plaintiffs to which Defendant will argue no literal infringement exists. (*Id.* at pp. 5-7.) In addition, Defendants highlight that some of Plaintiffs' contentions supporting claim 1 under the '589 patent lack (1) a direct infringer contention, (2) a description of the acts that contribute to or are inducing that direct infringement, or (3) any evidence to support its contention. (ECF No. 93 at pp. 15-16.) For that reason, Defendants claim nothing more is required of it other than to identify facts and bases for its non-infringement positions. (*Id.*) Furthermore, Defendants claim that Plaintiffs are estopped by the doctrine of equivalents and by prosecution history estoppel from expanding claim limitations beyond their literal scopes to read on the Accused Products.[2] (ECF No. 93-4 at p. 4.) As such, Defendants' Supplemental Response provides Plaintiffs with an understanding of Defendants' defenses to infringement. Accordingly, the Court finds that Defendants have sufficiently responded to Plaintiffs' Interrogatory No. 2.

Moreover, this Court cannot compel Defendants to provide different responses, after

---

[1] The Court notes that Defendants' contention that Plaintiffs must prove patent infringement by clear and convincing evidence is incorrect. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1934 (2016) ("patent-infringement litigation has always been governed by a preponderance of the evidence standard") (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1758 (2014).

[2] *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 731 (2002).

6

that party fully answered the interrogatory. In sum, a party cannot be compelled to submit a different answer to a question simply because the opposing party was hoping to receive a different answer. *Alexander v. FBI*, 186 F.R.D. 78, 92-93 (D.D.C. 1998); *Avante Intern. Technology Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *4 (S.D. Ill. May 14, 2008). While some of Defendants' responses may lack the detail that Plaintiffs would prefer, the responses do not violate Rule 33, which simply directs that each interrogatory be answered "fully." If Plaintiffs need further detail on a particular issue, there are alternative methods available. For example, Plaintiffs allege Defendants "[do] not identify what material it asserts its thermoplastic material is made or why it does not meet the limitation." (ECF No. 93 at p. 6.) However, via email, Defendants responded that it long maintained that it does not use any of the patented thermoplastic materials and produced documents revealing such previously.[3] (*See* ECF No. 93-5 at p. 2.) Accordingly, the Court finds that to compel Defendants to further respond to Plaintiffs' Interrogatory No. 2 would be superfluous. Therefore, the Court DENIES Plaintiffs' request to compel further responses to Interrogatory No. 2.

### B. Amended Infringement Contentions Extension

Plaintiffs request the Court extend the date by which Plaintiffs are required to submit their Amended Infringement Contentions under Patent Local Rule 3.6.a from January 10, 2018 to two weeks after Defendants compliance. (ECF No. 93 at p. 8.) Notably, "[t]he deadline for filing, as of right, Amended Infringement Contentions by a party claiming infringement" was January 10, 2018, a full week before this Motion was filed. (*See* ECF No. 73 at p. 2.) Plaintiffs neither make a good faith showing that the claim construction necessitated an amendment nor a good cause showing, but rather haphazardly link the fate of its extension request to the fate of its Motion. Since the Court denied Plaintiffs' request to compel further compliance by Defendants, the Court also DENIES Plaintiffs' request

---

[3] Plaintiffs can certainly request that Defendants promptly provide this same information, in addition to any supplemental information provided via email, in the form of a supplemental discovery response.

7

15-cv-1058-JLS (DHB)

for an Amended Infringement Contentions extension without prejudice.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Defendant to produce further responses to Plaintiffs' Interrogatory No. 2 is **DENIED.** Plaintiffs' request to extend its deadline to file its Amended Infringement Contentions is **DENIED.**

IT IS SO ORDERED.

Dated: February 2, 2018

Hon. David H. Bartick
United States Magistrate Judge